# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

        Plaintiff,

v.                                     Case No:   6:21-mc-101-RBD-LHP

STEVE WILLIAMS,

        Defendant

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

On August 14, 2017, a final judgment was entered in the United States District Court for the Western District of North Carolina in favor of Kenneth D. Bell, in his capacity as court-appointed receiver for Rex Venture Group, LLC, d/b/a ZeekRewards.com, and against several individual class members, including Defendant Steve Williams.   Doc. No. 1-1.   On July 28, 2021, Bell registered a certified copy of that foreign judgment with this Court.   Doc. Nos. 1, 1-1. Nationwide Judgement Recovery, Inc. ("Nationwide") has since been substituted as party-Plaintiff.   Doc. Nos. 8–9.

Nationwide has obtained writs of garnishment against several garnishees, including garnishee Bank of America, N.A.   Doc. Nos. 10, 14–15.   Bank of America timely filed an Answer on January 25, 2023, wherein it states that Mr. Williams holds an account with it that may be subject to the writ, although Bank of America did not set aside the funds available because they are exempt.   Doc. No. 19. Thereafter, on February 8, 2023, Mr. Williams filed a Claim of Exemption and Request for Hearing, pursuant to Fla. Stat. § 77.041.   Doc. No. 31.   Nationwide has not responded to that filing.   Upon consideration, given Nationwide's failure to file a sworn response, the undersigned will respectfully recommend that the Court dissolve the Bank of America writ.

Pursuant to the Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).   In Florida, after obtaining judgment, a plaintiff may move for issuance of a writ of garnishment.   Fla. Stat. § 77.03.   Once issued, the plaintiff must send to the defendant a copy of the writ of garnishment, the motion for writ of garnishment, and, if the defendant is an individual, a "Notice to Defendant," as well as a claim exemption form.   *Id.* § 77.041(2).   A garnishment defendant must complete and file a claim of exemption and request for hearing within twenty days after receiving a notice of garnishment.   *Id.* § 77.041(1).   The

plaintiff or its counsel must file a sworn written statement answering the defendant's claim of exemption "within 8 business days after hand delivering the claim and request or, alternatively, 14 business days if the claim and request were served by mail." *Id.* § 77.041(3).   If not, "no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail." *Id.*   The Florida garnishment statutes must be strictly construed.   *See Williams v. Espirito Santo Bank of Fla.*, 656 So. 2d 212, 213 (Fla. 3d Dist. Ct. App. 1995).

Here, Mr. Williams filed a Claim of Exemption and Request for Hearing on February 8, 2023, which complies with the requirements of Fla. Stat. § 77.041(1), in that Mr. Williams uses the required form, it is notarized, it was timely filed within 20 days of notice of the writ, and it was served on Nationwide.   Doc. No. 31.   *See also Orso as Tr. to Bell v. Rockwell*, No. 8:21-MC-72-WFJ-AAS, 2022 WL 14134917, at *2 (M.D. Fla. Oct. 4, 2022), *report and recommendation adopted*, 2022 WL 14036075 (M.D. Fla. Oct. 24, 2022) (service on the plaintiff via CM/ECF akin to service by mail for purposes of Fla. Stat. § 77.041(3) (citing *Orso as trustee to Bell v. Alexis*, No. 21-CV-60251, 2022 WL 2954931, at *2 (S.D. Fla. June 24, 2022), *report and recommendation adopted*, 2022 WL 2952854 (S.D. Fla. July 26, 2022) (same)).   Nationwide did not timely file a sworn response.   *See* Fla. Stat. § 77.041(3).   Accordingly, the Bank of America writ (Doc. No. 15) is due to be dissolved.   *See id.   See also Rockwell*, 2022

WL 14134917, at *2, *report and recommendation adopted*, 2022 WL 14036075 (M.D. Fla. Oct. 24, 2022).

For these reasons, the undersigned respectfully **RECOMMENDS** that the writ against Bank of America, N.A. (Doc. No. 15) be **DISSOLVED**, and that the Clerk of Court be directed to mail a copy of this Order to the parties.   *See* Fla. Stat. § 77.041(3).   Given the dissolution of the Bank of America writ, the undersigned further **RECOMMENDS** that the Court **DENY AS MOOT** Mr. Williams' claim of exemption (Doc. No. 31).   *See Rockwell*, 2022 WL 14134917, at *2, *report and recommendation adopted*, 2022 WL 14036075 (M.D. Fla. Oct. 24, 2022).   *See also Great Am. Ins. Co. v. Gen. Contractors & Const. Mgmt., Inc.*, No. 07-21489-CIV, 2008 WL 5056526, at *5 (S.D. Fla. Nov. 21, 2008) (upon dissolution of a writ pursuant to Fla. Stat. § 77.041(3), the court "need not reach the issue of whether the exemptions raised by the Defendant are meritorious").

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.   Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

- 4 -

Recommended in Orlando, Florida on May 15, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy